## Cook v. Commonwealth.

(Decided January 5, 1911.)

### Appeal from Grant Circuit Court.

Pooled Tobacco—Sale of by Landlord—Indictment for Sale—Ratification of Sale.—Appellant raised tobacco on M.s farm on the halves; he pooled his part, but M. did not. In his absence and without his knowledge M. sold and delivered all of the tobacco, retaining the proceeds in a settlement. Appellant ratified the sale. Held, while the rule is that a subsequent ratification relates back to the beginning, and makes the transaction as effective as if the proper authority had been originally given, this principle cannot be applied in criminal cases, and upon the facts shown, upon the trial of appellant under an indictment for the sale of pooled tobacco, the lower court should have peremptorily instructed the jury to find him not guilty.

WM. CARNES for appellant.

JAMES BREATHITT, Attorney General, THEO. B. BLAKEY, Assistant Attorney General, EVERETT B. WINN, Commonwealth's Attorney and C. C. ADAMS, County Attorney, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

By section 3941a, Kentucky Statutes, farmers may
pool their crops; and it is provided that it shall be un-
lawful for any owner of a crop that is pooled to sell or
dispose of it without the written consent of the agent
to whom it is pooled; and that upon conviction he shall
be fined not exceeding $250 for each offense. E. M.
Cook raised about six acres of tobacco on J. W. Mar-
tin's farm. He owned one-half of the tobacco, and Mar-
tin one-half. He pooled his tobacco with the Burley To-
bacco Society, but Martin did not. The whole crop was
less than two thousand pounds. Martin had furnished
Cook something over $200 to enable him to raise his
crop, and had a lien for that amount on it. Martin
wanted his money that Cook owed him and wanted to
sell his part of the tobacco; so, without Cook's knowl-
edge or consent he went to the tobacco barn in Cook's
absence and hauled the tobacco away and sold it for
$400. On his return he told Cook what he had done, and
that the tobacco had not brought enough to pay him
what Cook owed him. Cook agreed to what Martin had ·
done, and was thereafter indicted under the statute for
disposing of his pooled tobacco in violation of the act.
On a trial of the case before a jury he was fined $190;
and prosecutes this appeal to reverse the judgment en-
tered upon the verdict.

At the conclusion of the evidence Cook asked the
court to instruct the jury peremptorily to find him not
guilty. The court refused to so instruct the jury, and
in substance told them that if Cook ratified the sale
which Martin had made, they should find him guilty.
This was error. If a man ratifies a thing done without
his authority, this makes the act binding upon him, but
his subsequent assent will not relate back and make
that a crime which was not an offense when the act was
done. The sale of the tobacco by Martin having been
made without Cook's knowledge or consent, did not con-
stitute a violation of the statute by Cook when done.
After Martin had sold the tobacco, Cook had a claim
against Martin for the value of his half of the tobacco,
and Martin had a claim against Cook for the money
which he had advanced him. Cook was Martin's tenant.
He did not become a violator of the statute because he
did not fall out with his landlord, or enter into a contro-

versy with him in which he could in no event gain anything. While the rule is that a subsequent ratification relates back to the beginning, and makes the transaction as effective as if the proper authority had been originally given, the principle cannot be applied in criminal cases; for this would be here to punish the defendant, not for disposing of his property, but for not complaining of what Martin had done without his knowledge or consent. Martin had a lien on the tobacco for his advances, and could have taken the tobacco by process of law and sold it. On the facts shown, the court should have instructed the jury peremptorily to find the defendant not guilty.

Judgment reversed and cause remanded for further proceedings not inconsistent herewith.